IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BECKY RUSSELL                                                                                           PLAINTIFF

       v.        Civil No. 3:14-cv-3105-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Becky Russell, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her application for DIB on February 3, 2012, alleging a disability onset date of December 15, 2011, due to a brain aneurysm, high blood pressure, panic attacks, swelling in her feet and ankles, constipation, and a spastic colon. Tr. 9, 86-92, 109, 122-124, 134, 143-144, 150, 166. The Commissioner denied her applications initially and on reconsideration. Tr. 37-42, 47-48. An Administrative Law Judge ("ALJ") held an administrative hearing on July 8, 2013. Tr. 22-36. Plaintiff was present and represented by counsel.

At this time, she was 46 years old with a high school education. Tr. 16, 25-26, 109, 134. She had no past relevant work ("PRW") experience. Tr. 16, 135, 140-142, 184-199.

On August 5, 2013, the ALJ found that the Plaintiff's cerebral aneurysm, hypertension, and anxiety were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 11-13. After partially discrediting her subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform light work,

> except the claimant is limited to no work requiring depth perception and no exposure to extreme temperatures or to hazards, such as unprotected height, moving machinery, and open flames. She is able to perform work where interpersonal contact is incidental to the work performed, with incidental defined as interpersonal contact requiring a limited degree of interaction such as meeting and greeting the public, answering simple questions, accepting payment, and making change. The claimant can perform work where the complexity of tasks can be learned by demonstration or repetition within 30 days, has few variables, requires little judgment, and supervision required is simple direct and concrete.

Tr. 13. With the assistance of a vocational expert, the ALJ found the Plaintiff could perform work as a ceramic tile inspector and printed circuit board inspector. Tr. 16-17.

The Appeals Council denied the Plaintiff's request for review on September 15, 2014. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 10.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.     **Applicable Law**:

This court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011).  We must affirm the ALJ's decision if the record contains substantial evidence to support it.  *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520(a)(4)(v).

### III.    Discussion:

After reviewing the record, the undersigned is of the opinion that this matter must be remanded for further development of the record concerning the Plaintiff's brain aneurysm and its effect on her ability to perform work-related activities. The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). "An ALJ should recontact a treating or consulting physician if a critical issue is undeveloped." *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (quotation, alteration, and citation omitted). The ALJ is also required to order medical examinations and tests when the medical records presented to him do not provide a sufficient basis for determining whether the claimant is disabled. *Id.*

Further, the United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

In the present case, the Plaintiff suffers from a recurrent brain aneurysm.  Her treatment history dates back to approximately 2008 and includes surgical intervention to "clip" the coils of the aneurysm.  There are numerous records predating the relevant time period wherein the Plaintiff complained of headaches, pressure in her head, fatigue, dizziness, and visual disturbances.  Tr. 209-233.  In December 2011, she began complaining of increased head pressure, intermittent and sharp temporal pain, bilateral orbital pressure, chronic diplopia, increased blurring of vision in the left eye, fatigue, poor balance, lightheadedness, memory loss and disturbances in coordination.  Tr. 259-263.  A vision exam revealed mild blurring of vision in the left eye, left eye pstosis,[1] and paresis[2] with upward and downward gaze.  Tr. 261. Dr. Michael Workman diagnosed her with post coil embolization of a left posterior communicating artery ("PCOM") aneurysm with persistent partial third nerve palsy and ordered an MRA.  The MRA revealed a recurrent posterior communicating artery aneurysm on the left measuring 5.5 millimeters in diameter.  Tr. 255-258, 266, 320-321.  The radiologist then recommended a catheter angiogram, which showed a 3.9 X 2.8 X 4 millimeter recurrent aneurysm.

---

[1] Pstosis is drooping of the eyelid.
[2] Paresis is partial or mild paralysis caused by nerve damage or disease.

5

On February 22, 2012, the Plaintiff consulted with neurologist, Edwin Cunningham, III. Tr. 242-246.  He opined that the recurrence was small and would require complex surgical reconstruction, which would be dangerous.  At this point, he did not feel that the size of the recurrence outweighed the surgical risks involved and recommended that they wait until the aneurysm exceeded 5- 6 millimeters before considering clip reconstruction.  Dr. Cunningham noted continued headaches and pulsations, indicating that they had improved "somewhat" with the recent addition of blood pressure medication.

On March 27, 2012, Dr. Patricia McCarron, a non-examining consultant reviewed the Plaintiff's medical records and concluded she could perform a full range of light work.  Tr. 280-287.

The record contains several records from Dr. Daniel Valach, the Plaintiff's treating hypertension specialist.  Tr. 311-312, 314-315.  Unfortunately, these records are handwritten and are very difficult to discern.  However, it is clear that she continued to report pressure in her head, visual disturbances, and panic attacks.

On May 23, 2013, Dr. Valach completed a medical source statement.  Tr. 338.  He opined that the Plaintiff could not lift more than 10 pounds; could stand and walk less than 2 hours per 8-hour workday; could sit for 4 hours; would need to elevate her feet and change positions frequently; would necessitate frequent rest periods and longer than normal breaks; and, would need to be able to alternate between sitting, standing, and walking at will.  Dr. Valach also indicated that she would likely miss more than three days of work per month.

The ALJ dismissed Dr. Valach's opinion, stating that Dr. Valach had not treated the Plaintiff in the year preceding his assessment and alleging that the record did not support the limitations imposed.  However, as previously mentioned, Dr. Valach's records are difficult to

discern making it impossible to say whether or not the records support his assessment. Moreover, the only other RFC assessment of record is that of a non-examining medical consultant who the ALJ also discredited for not being restrictive enough. Therefore, given the nature of the Plaintiff's impairment and the indiscernibility of Dr. Valach's records, we believe that remand is necessary to allow the ALJ to further develop the record.

On remand, the ALJ is directed to recontact Dr. Valach in order to obtain clarification of his records. Any questions he has concerning Dr. Valach's RFC assessment should also be addressed, allowing Dr. Valach the opportunity to provide an explanation for the restrictions assigned. Further, because the ALJ is concerned that Dr. Valach has not treated the Plaintiff since May 2012, he is directed to obtain any additional records documenting Dr. Valach's treatment of the Plaintiff between May 2012 and the completion of his May 2013 assessment.

If the ALJ is unable to obtain clarification from Dr. Valach, then a neurological consultative exam should be ordered, complete with a detailed RFC assessment.

**IV.** **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 7th day of December, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE